UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Adrian Ayers,** | ) | **CASE NO. 1: 19 CV 2918** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Kenneth Mills, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**Background**

This is another *in forma pauperis* civil rights action filed by *pro se* plaintiff Adrian Ayers under 42 U.S.C. § 1983 concerning the conditions of his confinement as a pretrial detainee in the Cuyahoga County Jail ("CCJ" or "Jail"). (Doc. No. 1.)

The plaintiff filed a prior § 1983 action challenging the conditions to which he was subjected in the Jail, which is currently proceeding against three defendants in this Court. *See Ayers v. State of Ohio, et al.*, Case No. 1: 18 CV 2890. This Court dismissed portions of the plaintiff's prior complaint, as well as his complaint as against some defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and Fed. R. Civ. P. 12(b)(6). (*See* Case No. 1: 18 CV 2890 at Doc. Nos. 7, 20.) In addition, the Court dismissed the plaintiff's prior action against a number of defendants, including Kenneth Mills and Eric Ivey, without prejudice due to the plaintiff's failure to provide necessary information to enable service of process. (*See id.*, Doc. Nos. 9, 23.)

In his complaint in this case, the plaintiff again sues Kenneth Mills and Eric Ivey in connection with conditions to which he contends he was subjected in CCJ. He also sues two

defendants who were not named in his prior action: Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith and Cuyahoga County Spokeswoman Mary Louise Madigan.

In his complaint, he complains of conditions in the Jail that he also complained of in his prior lawsuit: the Jail's "Red Zone" lock-down practice (Doc. No. 1 at ¶¶ 9-20), that he was afforded insufficient privacy to meet with his attorney in September 2017 (*id*. at ¶¶ 21-31), that his opportunity for recreation and exercise was limited to twice per month (*id*. at ¶ 36), and that he was subjected to other "inhuman conditions" (*id*. at ¶¶ 38-44).

He seeks to hold Chambers-Smith liable for "dereliction of duty" (*id*. at ¶¶ 46-52) solely on the basis of her "supervisory" authority over CCJ officials and employees (*id.* at ¶¶ 70-74). And he seeks to hold defendant Madigan liable on the basis that she knew of the "unconstitutional substandard conditions" in the Jail, but "took no action to correct [them] and/or bring [them] to the attention of the public" and "conspired to disseminate disingenuous information." (*Id*. at ¶ 56.)

**Standard of Review**

The plaintiff's complaint is before the Court for initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes require the Court to dismiss the plaintiff's complaint, or any portion of it, that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Although *pro se* complaints are construed liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to survive a dismissal for failure to state a claim, a

*pro se* complaint must still contain "sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A).

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be dismissed in its entirety as against defendants Chambers-Smith and Madigan.

A plaintiff cannot establish the liability of any defendant under § 1983 absent a clear showing that the individual was personally involved in the activities which form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). The plaintiff does not set forth allegations in his complaint plausibly suggesting that defendants Chambers-Smith and Madigan were personally involved in the unconstitutional prison conditions he alleges.

The plaintiff seeks to hold Chambers-Smith liable solely on the basis of her "supervisory" authority in Ohio prisons. (*See* Doc. No. 1 at ¶¶ 70-74.) It is well-established, however, that this is an insufficient basis to impose liability on a government official under § 1983. *See Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982) ("[t]he law is clear that liability of supervisory personnel must be based on more than merely the right to control employees. Without more, such a theory would allow liability on a *respondeat superior* basis- a basis expressly rejected by the Supreme Court in *Monell v. Department of Social Services* . . ."). The plaintiff has not alleged facts in his complaint from which a plausible inference could be drawn that Chambers-Smith authorized, condoned, ratified, or knowingly acquiesced in any unconstitutional conduct at CCJ.

The plaintiff's allegations against defendant Madigan are likewise insufficient to support a plausible claim. "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act,'" as the plaintiff alleges with respect to defendant Madigan. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Further, his claims that Madigan committed fraud and conspired to disseminate false information about CCJ, aside from being purely speculative and conclusory, do not support a plausible claim to suggest that she subjected him to cruel and unusual punishment under the Eighth Amendment.

Accordingly, the plaintiff's complaint fails to state any plausible § 1983 claim and will be dismissed as against defendants Chambers-Smith and Madigan.

The Court will allow the plaintiff's complaint to go forward as against defendants Ivey and Mills, given that the Court dismissed the plaintiff's prior action against them relating to the conditions of his confinement at CCJ without prejudice. However, the plaintiff may proceed with this action as against these defendants only with respect to his allegations in ¶¶ 9-20 and 38-45 of his complaint, pertaining to "Red Zone" and other "inhuman conditions." These are the only conditions he alleges in his complaint as to which he has alleged Ivey and Mills's personal involvement.

**Conclusion**

Accordingly, for the reasons stated above, the plaintiff's action shall proceed only as against defendants Mills and Ivey, and only with respect to his allegations in ¶¶ 9-20 and 38-45 of his complaint. The plaintiff's complaint is otherwise dismissed for failure to state a claim as against all defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In accordance with this Order, the Clerk's Office is directed to forward the appropriate

documents to the U.S. Marshal for service of process on defendants Ivey and Mills, and **a copy of this Order shall be included in the documents to be served on these Defendants**.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                             /s/ Patricia A. Gaughan
                             PATRICIA A. GAUGHAN
                             United States District Court
                             Chief Judge

Dated: 4/24/20